**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**ABILENE DIVISION**

| | |
|---|---|
| BROADCAST MUSIC, INC.; COTILLION MUSIC, INC.; TERRY STAFFORD MUSIC CO.; SONGS OF UNIVERSAL, INC.; EMI VIRGIN SONGS, INC. d/b/a EMI LONGITUDE MUSIC; BEN PETERS MUSIC; SONY/ATV SONGS LLC d/b/a SONY/ATV TREE PUBLISHING; GLAD MUSIC PUBLISHING & RECORDING LP; PAPPY DAILY MUSIC LP; BUG MUSIC; MURRAH MUSIC CORPORATION; PLANET PEANUT MUSIC; KATY LOU MUSIC; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) CIVIL ACTION NO.: |
| v. | ) ) |
| TOMMY DOUGLAS HENDRIX, Individually and d/b/a FIREHOUSE BAR & GRILL, | ) ) ) ) |
| Defendant. | ) |

**COMPLAINT**

Plaintiffs, by their attorneys, for their Complaint against Defendant, allege as follows (on knowledge as to Plaintiffs; otherwise on information and belief):

JURISDICTION AND VENUE

1.   This is a suit for copyright infringement under the United States Copyright Act of 1976, as amended, 17 U.S.C. Sections 101 et seq. (the "Copyright Act"). This Court has jurisdiction pursuant to 28 U.S.C. Section 1338(a).

2.   Venue is proper in this judicial district pursuant to 28 U.S.C. Section 1400(a).

## THE PARTIES

3. Plaintiff Broadcast Music, Inc. ("BMI") is a corporation organized and existing under the laws of the State of New York. BMI's principal place of business is 7 World Trade Center, 250 Greenwich Street, New York, New York 10007. BMI has been granted the right to license the public performance rights in approximately 8.5 million copyrighted musical compositions (the "BMI Repertoire"), including those which are alleged herein to have been infringed.

4. The Plaintiffs other than BMI are the owners of the copyrights in the musical compositions, which are the subject of this lawsuit. All Plaintiffs are joined pursuant to Fed. R. Civ. P. 17(a) and 19(a).

5. Plaintiff Cotillion Music, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

6. Plaintiff Terry Stafford Music Co. is a sole proprietorship owned by Nancy Hall Stafford. This Plaintiff is the copyright owner of at least one of the songs in this matter.

7. Plaintiff Songs of Universal, Inc. is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

8. Plaintiff EMI Virgin Songs, Inc. is a corporation d/b/a EMI Longitude Music. This Plaintiff is the copyright owner of at least one of the songs in this matter.

9. Plaintiff Ben Peters Music is a sole proprietorship owned by Benjamin James Peters. This Plaintiff is the copyright owner of at least one of the songs in this matter.

10. Plaintiff Sony/ATV Songs LLC is a limited liability company d/b/a Sony/ATV Tree Publishing. This Plaintiff is the copyright owner of at least one of the songs in this matter.

11. Plaintiff Glad Music Publishing & Recording LP is a limited partnership. This

Plaintiff is the copyright owner of at least one of the songs in this matter.

12. Plaintiff Pappy Daily Music LP is a limited partnership. This Plaintiff is the copyright owner of at least one of the songs in this matter.

13. Plaintiff Bug Music is a partnership owned by Daniel Francis Bourgoise and Frederick Albert Bourgoise. This Plaintiff is the copyright owner of at least one of the songs in this matter.

14. Plaintiff Murrah Music Corporation is a corporation. This Plaintiff is the copyright owner of at least one of the songs in this matter.

15. Plaintiff Planet Peanut Music is a sole proprietorship owned by Luke Bryan. This Plaintiff is the copyright owner of at least one of the songs in this matter.

16. Plaintiff Katy Lou Music is a sole proprietorship owned by Jeffery David Stevens. This Plaintiff is the copyright owner of at least one of the songs in this matter.

17. Defendant Tommy Douglas Hendrix, operates, maintains and controls an establishment known as Firehouse Bar & Grill, located at 2074 Butternut Street, Abilene, Texas 79602-5826, in this district. In connection with the operation of this business, Defendant publicly performs musical compositions and/or causes musical compositions to be publicly performed.

## CLAIMS OF COPYRIGHT INFRINGEMENT

18. Plaintiffs repeat and reallege each of the allegations contained in paragraphs 1 through 17.

19. Plaintiffs allege eight (8) claims of willful copyright infringement, based upon Defendant's unauthorized public performance of musical compositions from the BMI Repertoire. All of the claims for copyright infringement joined in this Complaint are governed by the same legal rules and involve similar facts. Joinder of these claims will promote the convenient

administration of justice and will avoid a multiplicity of separate, similar actions against Defendant.

20. Annexed to this Complaint as a schedule (the "Schedule") and incorporated herein is a list identifying some of the many musical compositions whose copyrights were infringed by Defendant. The Schedule contains information on the eight (8) claims of copyright infringement at issue in this action. Each numbered claim has the following eight lines of information (all references to "Lines" are lines on the Schedule): Line 1 providing the claim number; Line 2 listing the title of the musical composition related to that claim; Line 3 identifying the writer(s) of the musical composition; Line 4 identifying the publisher(s) of the musical composition and the plaintiff(s) in this action pursuing the claim at issue; Line 5 providing the date on which the copyright registration was issued for the musical composition; Line 6 indicating the copyright registration number(s) for the musical composition; Line 7 showing the date(s) of infringement; and Line 8 identifying the Establishment where the infringement occurred.

21. For each work identified on the Schedule, the person(s) named on Line 3 was the creator of that musical composition.

22. For each work identified on the Schedule, on or about the date(s) indicated on Line 5, the publisher(s) named on Line 4 (including any predecessors in interest), complied in all respects with the requirements of the Copyright Act and received from the Register of Copyrights Certificates of Registration bearing the number(s) listed on Line 6.

23. For each work identified on the Schedule, on the date(s) listed on Line 7, Plaintiff BMI was (and still is) the licensor of the public performance rights in the musical composition identified on Line 2. For each work identified on the Schedule, on the date(s) listed on Line 7, the Plaintiff(s) listed on Line 4 was (and still is) the owner of the copyright in the respective musical composition listed on Line 2.

24. For each work identified on the Schedule, on the date(s) listed on Line 7, Defendant publicly performed and/or caused to be publicly performed at the Establishment the musical composition identified on Line 2 without a license or permission to do so. Thus, Defendant has committed copyright infringement.

25. The specific acts of copyright infringement alleged in the Complaint, as well as Defendant's entire course of conduct, have caused and are causing Plaintiffs great and incalculable damage. By continuing to provide unauthorized public performances of works in the BMI Repertoire at the Establishment, Defendant threatens to continue committing copyright infringement. Unless this Court restrains Defendant from committing further acts of copyright infringement, Plaintiffs will suffer irreparable injury for which they have no adequate remedy at law.

WHEREFORE, Plaintiffs pray that:

(I) Defendant, their agents, servants, employees, and all persons acting under their permission and authority, be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions licensed by BMI, pursuant to 17 U.S.C. Section 502;

(II) Defendant be ordered to pay statutory damages, pursuant to 17 U.S.C. Section 504(c);

(III) Defendant be ordered to pay costs, including a reasonable attorney's fee, pursuant to 17 U.S.C. Section 505; and

(IV) Plaintiffs have such other and further relief as is just and equitable.

Dated: November 5, 2015

        Respectfully Submitted,

        By: /s/ Dan D. Davison_____
        Dan D. Davison
        Bar No. 05590900
        dan.davison@nortonrosefulbright.com
        LEAD ATTORNEY
        Gita Srivastava
        Bar No. 24083898
        gita.srivastava@nortonrosefulbright.com

        NORTON ROSE FULBRIGHT US LLP
        2200 Ross Avenue, Suite 3600
        Dallas, TX 75201
        Tel:  (214) 855-8049
        Fax:  (214) 855-8200

        COUNSEL FOR PLAINTIFFS